UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ZOILA IGLESIAS, individually and as next friend of J.R. and K.R. infants,

                                  Plaintiffs,

               -against-

JOHN MATTINGLY, individually and as Commissioner, HELEN COLON, individually and as caseworker, CARYNE MORENCY, individually and as supervisor; TRACEY LISSIMORE, individually and as manager; TAMIKA McCOY, individually and as caseworker, FLORENCE UBA, individually and as supervisor, LEAKE & WATTS SERVICES, Inc., LIANNE CLARK PARRIS, individually and caseworker, ZOLA VIOLA, individually and as supervisor, COALITION FOR HISPANIC SERVICES, Inc., CITY OF NEW YORK, and GLADYS CARRION, as Commissioner,

                                  Defendants.

**CITY DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

08 Civ. 1595 (AKH)

------------------------------------------------------------------------ x

        Defendants City of New York, John Mattingly, Helen Colon, Tracey Lissimore, and Caryne Morency (collectively, "City Defendants") by and through their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the amended complaint, respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiffs purport to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiffs purport to set forth a basis for jurisdiction as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiffs purport to set forth a basis for venue as stated therein.

4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiffs purport to proceed as described therein.

5. Deny the allegations set forth in paragraph "5" of the amended complaint.

6. Deny the allegations set forth in paragraph "6" of the amended complaint.

7. Deny the allegations set forth in paragraph "7" of the amended complaint.

8. Deny the allegations set forth in paragraph "8", "8.a", "8.b", "8.c", "8.d", and "8.e" of the amended complaint.

9. Deny the allegations set forth in paragraph "9", "9.a", "9.b", "9.c", "9.d", and "9.e" of the amended complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint, except admit that K.R. is the granddaughter of plaintiff, that K.R. was born on December 26, 2001, and that K.R. is in kinship foster care with plaintiff.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint, except admit that J.R. is the grandson of plaintiff, the son of plaintiff's son, that J.R. was born on December 7, 2002, and that J.R. is in kinship foster care with plaintiff.

13. Admit the allegation set forth in paragraph "13" of the amended complaint.

14. Deny the allegations set forth in paragraph "14" of the amended complaint and respectfully refer the Court to the relevant provisions of the Laws of the State of New York,

the Charter of the City of New York, the Administrative Code of the City of New York, and all related rules concerning the New York City Administration for Children's Services ("ACS") for a full and complete recitation of the duties and responsibilities of the Commissioner of ACS.

15. Admit the allegations set forth in paragraph "15" of the amended complaint.

16. Deny the allegations set forth in paragraph "16" of the amended complaint and respectfully refer the Court to the relevant provisions of the Laws of the State of New York, the Charter of the City of New York, the Administrative Code of the City of New York, and all related rules concerning the Administration for Children's Services ("ACS") for a full and complete recitation of the duties and responsibilities of the Commissioner of ACS.

17. Deny the allegations set forth in paragraph "17" of the amended complaint and respectfully refer the Court to the relevant provisions of the Laws of the State of New York, the Charter of the City of New York, the Administrative Code of the City of New York, and all related rules concerning the Administration for Children's Services ("ACS") for a full and complete recitation of the duties and responsibilities of the Commissioner of ACS.

18. Deny the allegations of paragraph "18" of the amended complaint, except admit that defendant Helen Colon is an employee of the City of New York and was assigned to investigate allegations of child neglect involving plaintiff and, if necessary, to take steps to safeguard the infant plaintiffs.

19. Deny the allegations set forth in paragraph "19" of the amended complaint, except admit that defendant Caryn Morency is an employee of the City of New York and that she was assigned to supervise defendant Colon.

20. Deny the allegations set forth in paragraph "20" of the amended complaint, except admit that defendant Tracy Lissimore is an employee of the City of New York.

21. Deny the allegations set forth in paragraph "21" of the amended complaint, except admit that defendant Lissimore supervised defendants Morency and Colon.

22. Deny the allegations set forth in paragraph "22" of the amended complaint, and respectfully refer the Court to the contract between ACS and Leake & Watts Services, Inc. for a complete and accurate statement of its contents.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint, and respectfully refer the Court to the contract between ACS and Leake & Watts Services, Inc. for a complete and accurate statement of its contents.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "25" of the amended complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "26" of the amended complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint, and respectfully refer the Court to the contract between ACS and Coalition for Hispanic Family Services ("CHFS") for a complete and accurate statement of its contents.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint.

30. Deny the allegations set forth in paragraph "30" of the amended complaint, and respectfully refer the Court to the contract between ACS and CHFS for a complete and accurate statement of its contents.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the amended complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the amended complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the amended complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the amended complaint, except admit that K.R. was placed into foster care.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the amended complaint, except admit that J.R. was placed into foster care.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the amended complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the amended complaint, except admit that R.R. has been in plaintiff's legal custody since 1998, that RR was born on October 28, 1994.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the amended complaint, except admit that A.R. was born on August 28, 2004.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the amended complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the amended complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the amended complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the amended complaint, except admit that plaintiff has begun the process of adopting K.R.

45. Deny the allegations set forth in paragraph "45" of the amended complaint, except admit and affirmatively state that on February 6, 2008, police officers executed a search warrant at Plaintiff's apartment for drugs and arrested Plaintiff and Anubis Rivas, her son.

46. Deny the allegations set forth in paragraph "46" of the amended complaint, except admit that plaintiff was arrested on February 6, 2008, and that she was taken to the seventh precinct.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the amended complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the amended complaint, except admit that Plaintiff was released from police custody and that no charges were filed against Plaintiff.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the amended complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the amended complaint, except admit that a report was made to the New York State Central Register of Child Abuse and Maltreatment and K.R. and J.R. were taken into ACS custody.

51. Deny the allegations set forth in paragraph "51" of the amended complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the amended complaint that "at all time, plaintiff has provided exceptional, loving care to her grandchildren, and has never neglected them."

52. Deny the allegations set forth in paragraph "52" of the amended complaint, except admit that Defendant Colon was assigned to investigate the charges of neglect against plaintiff and that Defendants Morency and Lissimore supervised Defendant Colon.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. Deny the allegations set forth in paragraph "54" of the amended complaint.

55. Deny the allegations set forth in paragraph "55" of the amended complaint.

56. Deny the allegations set forth in paragraph "56" of the amended complaint, except admit that K.R. and J.R. were placed in separate foster homes.

57. Deny the allegations set forth in paragraph "57" of the amended complaint, except admit that a neglect petition was filed in New York County Family Court.

58. Deny the allegations set forth in paragraph "58" of the amended complaint, except admit that ACS sought an order remanding R.R. and A.Q to the custody of the Commissioner of ACS.

59. Deny the allegations set forth in paragraph "59" of the amended complaint, except admit that a hearing pursuant to New York Family Court Act Section 1027 was held on February 7, 2008, that Defendant Colon testified at that hearing, and that J.R. and A.Q. were paroled to plaintiff at the conclusion of that hearing.

60. Admit the allegations set forth in paragraph "60" of the amended complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the amended complaint.

62. Deny the allegations set forth in paragraph "62" of the amended complaint.

63. Admit the allegations set forth in paragraph "63" of the amended complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the amended complaint.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the amended complaint.

67. Deny the allegations set forth in paragraph "67" of the amended complaint and respectfully refer the Court to the regulations cited therein for a complete and accurate statement of their contents.

68. Admit the allegations set forth in paragraph "68" of the amended complaint.

69. In response to the allegations set forth in paragraph "69" of the amended complaint, City Defendants repeat and reallege the responses set forth in paragraphs "1" to "68" inclusive of this answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the amended complaint.

71. Deny the allegations set forth in paragraph "71" of the amended complaint and respectfully refer the court to the statutory authority cited therein for a complete and accurate statement of its contents.

72. Deny the allegations set forth in paragraph "72" of the amended complaint and affirmatively state that the allegation therein sets forth a legal conclusion to which no response is required.

73. Deny the allegations set forth in paragraphs "73", "73.a", "73.b", "73.c", "73.d", and "73.e" of the amended complaint.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. Deny the allegations set forth in paragraph "75" of the amended complaint.

76. Deny the allegations set forth in paragraph "76" of the amended complaint.

77. Deny the allegations set forth in paragraph "77" of the amended complaint.

78. Deny the allegations set forth in paragraph "78" of the amended complaint.

79. Deny the allegations set forth in paragraph "79" of the amended complaint.

80. Deny the allegations set forth in paragraph "80" of the amended complaint.

81. In response to the allegations set forth in paragraph "81" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "80" inclusive of this answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the amended complaint.

83. Deny the allegations set forth in paragraph "83" of the amended complaint.

84. Deny the allegations set forth in paragraph "84" of the amended complaint and affirmatively state that the allegation therein sets forth a legal conclusion to which no response is required.

85. Deny the allegations set forth in paragraph "85" of the amended complaint.

86. Deny the allegations set forth in paragraph "86" of the amended complaint.

87. Deny the allegations set forth in paragraph "87" of the amended complaint.

88. In response to the allegations set forth in paragraph "88" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "87" inclusive of this answer, as if fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the amended complaint and respectfully refer the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the amended complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the amended complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the amended complaint.

93. Deny the allegations set forth in paragraph "93" of the amended complaint.

94. In response to the allegations set forth in paragraph "94" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "93" inclusive of this answer, as if fully set forth herein.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the amended complaint.

96. Deny the allegations set forth in paragraph "96" of the amended complaint.

97. Deny the allegations set forth in paragraph "97" of the amended complaint and affirmatively state that the allegation therein sets forth a legal conclusion to which no response is required.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the amended complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the amended complaint.

100. Deny the allegations set forth in paragraph "100" of the amended complaint.

101. In response to the allegations set forth in paragraph "101" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "100" inclusive of this answer, as if fully set forth herein.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102", "102.a", "102.b", "102.c", "102.d", "102.e", "102.f", "102.g", "102.h", "102.i", and "102.j" of the amended complaint, and respectfully refer

the court to the statutory authority cited therein for a complete and accurate statement of their contents.

103. Deny the allegations set forth in paragraph "103" of the amended complaint and affirmatively state that the allegation therein sets forth a legal conclusion to which no response is required.

104. Deny the allegations set forth in paragraph "104" of the amended complaint.

105. In response to the allegations set forth in paragraph "105" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "104" inclusive of this answer, as if fully set forth herein.

106. Deny the allegations set forth in paragraph "106" of the amended complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the amended complaint.

108. Deny the allegations set forth in paragraph "108" of the amended complaint.

109. In response to the allegations set forth in paragraph "109" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "108" inclusive of this answer, as if fully set forth herein.

110. Deny the allegations set forth in paragraph "110" of the amended complaint.

111. Deny the allegations set forth in paragraph "111" of the amended complaint.

112. Deny the allegations set forth in paragraph "112" of the amended complaint.

113. In response to the allegations set forth in paragraph "113" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "112" inclusive of this answer, as if fully set forth herein.

114. Deny the allegations set forth in paragraph "114" of the amended complaint and affirmatively state that the allegation therein sets forth a legal conclusion to which no response is required.

115. Deny the allegations set forth in paragraph "115" of the amended complaint.

116. Deny the allegations set forth in paragraph "116" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

117. The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

118. City Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have City Defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

119. The individual City Defendants are protected from suit, in whole or in part, by the doctrines of absolute immunity, qualified immunity, or common law immunity, or any combination or combinations of these doctrines.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

120. Any injuries alleged in the in the amended complaint were caused, in whole or in part, by plaintiffs' own culpable and/or negligent conduct and/or the conduct of non-parties or third parties and not the proximate result of any act of City Defendants.

**WHEREFORE,** City Defendants respectfully request that this Court enter judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and for such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
         May 20, 2008

                    **MICHAEL A. CARDOZO**
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants City of New York, John
                    Mattingly, Helen Colon, Tracey Lissimore, and
                    Caryne Morency
                    100 Church Street, Room 2-306
                    New York, New York  10007
                    (212) 788-0957

By:    s/STEVEN D. WEBER
        STEVEN D. WEBER
        Assistant Corporation Counsel