UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ZOILA IGLESIAS, etc. et al,

                        Plaintiffs,                            **08 Civ. 1595 (AKH)**
                                                          **(ECF CASE)**

                        - against -

JOHN MATTINGLY, etc. et al,

                        Defendants.
------------------------------------------------------------------------X

## STATE DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

                                                     ANDREW M. CUOMO
                                                   Attorney General of the State of New York
                                                   Attorney for State defendant
                                                    120 Broadway, 24th Floor
                                                   New York, New York 10271
                                                   (212) 416-8632

ROBERT L. KRAFT
Assistant Attorney General
of Counsel

**Table of Contents**

**Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT I   **STANDING IS BASED ON WHAT HAPPENED TO PLAINTIFF, NOT BASED ON LEGAL THEORIES THAT PLAINTIFF'S COUNSEL WANTS REVIEWED BY THIS COURT** . . . . . . . . . . . . . . . . . . 2

POINT II   IGLESIAS'S CLAIMS OF RESPONDEAT SUPERIOR OR VICARIOUS LIABILITY AGAINST STATE DEFENDANT IN THIS 42 U.S.C. § 1983 ACTION DO NOT STATE A CAUSE OF ACTION AND MUST BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
```
ZOILA IGLESIAS, individually and as next friend
of J.R. and K.R. infants,

                      Plaintiffs,                              **08 Civ. 1595 (AKH)**
                                                             **(ECF CASE)**

                  - against -

JOHN MATTINGLY, individually and as Commissioner,
HELEN COLON, individually and as caseworker,
CARYNE MORENCY, individually and as supervisor,
TRACEY LISSIMORE, individually and as manager,
TAMIKA McCOY, individually and as caseworker,
FLORENCE UBA, individually and as supervisor,
LEAKE & WATTS SERVICES, Inc.,
LIANNE CLARK PARRIS, individually and caseworker,
ZOLA VIOLA, individually and as supervisor,
COALITION FOR HISPANIC FAMILY SERVICES, Inc.,
CITY OF NEW YORK,
and GLADYS CARRION, as Commissioner,

                      Defendants.
```
------------------------------------------------------------------------X
```

## STATE DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

### PRELIMINARY STATEMENT

      This memorandum of law is respectfully submitted on behalf of defendant Gladys Carrión, Esq. ("State defendant"), sued as Commissioner of the New York State Office of Children and Family Services ("OCFS"), in further support of her motion to dismiss the Amended Complaint dated March 20, 2008 ("Amended Complaint") and in reply to Plaintiffs' Memorandum Of Law in Opposition to the Motion to Dismiss of Defendant Carrion, dated June 10, 2008 ("Pl. Mem. of

Law"), the declaration of Zoila Iglesias, dated June 9, 2008 ("Iglesias Decl."), and the Declaration of Carolyn Kubitschek, dated June 10, 2008 ("Kubitschek Decl.").

As discussed below, plaintiffs' responsive papers clarify that plaintiffs do not have standing to bring the claims they seek to bring against the State defendant in the instant case since Plaintiff Iglesias did not utilize the independent review and hearing procedures made available to foster parents by State defendant's regulations that she would challenge in this action, and since there is no respondeat superior liability in actions brought pursuant to 42 U.S.C. § 1983.

## ARGUMENT

### POINT I

**STANDING IS BASED ON WHAT HAPPENED TO THE PLAINTIFF, NOT BASED ON LEGAL THEORIES THAT PLAINTIFF'S COUNSEL WANTS REVIEWED BY THIS COURT**

At pages 7-8 of her Memorandum of Law in Support of the instant motion, State defendant set forth the allegations of fact made in the Amended Complaint. Significantly, that recitation, which is confirmed by the Iglesias Decl., does not involve any conduct by the State defendant. Iglesias, on advice of experienced counsel, never asked the New York City Administration for Children's Services ("ACS") to provide her an independent review concerning the removal of the foster children from her care, and never asked the OCFS for a hearing to challenge an adverse independent review finding. Kubitschek Decl. ¶ 16,18. Instead, Iglesias achieved her goal of the return of the foster children to her care with the help of counsel for the children in New York Family Court. Kubitschek Decl. ¶ 19-22. When the children were not returned by the defendant who had custody of the foster children, Iglesias commenced this action

and sought a Temporary Restraining Order from Judge Griesa ordering the immediate return of the foster children.  Id. ¶ 23-24.  The request for injunctive relief was withdrawn when Iglesias's counsel learned, in Court, that the foster children had been returned to Iglesias.  Id. ¶¶ 25-26; Iglesias Decl. ¶ 38.

In her Declaration, plaintiffs' counsel explains the reason for including the State defendant as part of this action although the Amended Complaint describes no conduct of the OCFS concerning Iglesias.  Plaintiffs' counsel explains that there are a number of related cases before Judge Griesa, where foster care agencies, like the ACS, Leake & Watts Services, Inc. and Coalition for Hispanic Family Services, Inc. in the instant action, removed foster children from kinship foster parents and the kinship foster parents challenge the propriety of the procedures available to them.  Id.  ¶¶ 28-47.  In Haynes v. Mattingly, 06 CV. 1383 (TPG) and Rivera v. Mattingly, 06 CV. 7077 (TPG), after the foster children were removed from kinship foster parents, the foster parents requested independent review from the ACS, (Kubitschek Decl. ¶¶ 29 and 41 respectively, and then received Decisions After Hearing from the OCFS (Id. ¶¶ 31 and 42 respectively).  Plaintiffs Alice Haynes and Mable and Anthony Rivera challenge the constitutionality of the independent review and administrative hearing procedures after having used them.  Iglesias did not use the independent review and administrative hearing process and cannot challenge it.

The instant action is further distinguishable from the cases before Judge Griesa because here the Police Department removed the foster children incident to an arrest of Iglesias.  Although Iglesias disputes this statement (Pl. Mem. of Law at 17 N. 2), it is based on the language of

3

paragraph 50 of the Amended Complaint. [1] The Police Department does not need to give the notice that foster care agencies are required by 18 N.Y.C.R.R. § 443.5 to give.

The instant case is most like another of the related cases before Judge Griesa, one that plaintiff does not mention to the Court, Graham v. Mattingly, 05 Cv. 7413 (TPG) where the foster child was removed from plaintiff but was returned after an independent review before the ACS. Because there was no administrative hearing, the State defendant was dismissed as a party in that case. Graham Docket Entry #14.

Much of the argument made in Pl. Mem. of Law goes to the merits, why plaintiffs believe kinship foster care is a good idea, and why state laws and/or regulations violate plaintiffs' right to due process. It is premature to consider those arguments before determining that plaintiffs have standing, based on the allegations in the Amended Complaint, to bring these claims before this Court. For the foregoing reasons, the Amended Complaint must be dismissed against the State defendant due to plaintiff's lack of standing to bring the claims contained therein.

---

[1] Paragraph 50 of the Amended Complaint provides in pertinent part: "[w]hen plaintiff was released from jail, she attempted to retrieve her grandchildren. Upon information and belief, the police had ... turned the children over to defendant City's ACS, ..." (emphasis added). The quoted words plainly state that the Police officers, and not employees of ACS, removed the children from the control of Iglesias. The distinction matters because the State regulation at issue, 18 N.Y.C.R.R. § 443.5, applies to removals of foster children, and not to retention after initial removal by another actor.

**POINT II**

**IGLESIAS'S CLAIMS OF RESPONDEAT SUPERIOR OR VICARIOUS LIABILITY AGAINST STATE DEFENDANT IN THIS 42 U.S.C. § 1983 ACTION DO NOT STATE A CAUSE OF ACTION AND MUST BE DISMISSED**

In Point II of her memorandum of Law, Iglesias attempts to sidestep her lack of standing (based on her noninvolvement with the process set up by the challenged regulations) by arguing that if any of the local defendants is liable for something, then the State defendant is also liable because the State defendant supervises administration of the foster care program statewide, inappropriately citing to Beaudoin v. Toia, 45 N.Y.2d 343, 408 N.Y.S.2d 417 (1978) for the concept of respondeat superior liability. Beaudoin involved the administration of the public benefits program (welfare) and not foster care placement. The specific question raised in Beaudoin was whether a county could object to the decision made by a State administrative Law Judge after a fair hearing conducted by the State that reviewed county conduct. The New York Court of Appeals held that, under Social Services law § 22 as it was then written, a county had no recourse to challenge a decision after fair hearing since it was part of and supervised by the State Department of Social Services. In reaching this decision, the Court of Appeals based its holding on then existing Federal law that imposed a "single state agency" requirement on State agencies that distributed federally supported public assistance benefits.[2]

---

[2] In response to Beaudoin, the New York Legislature amended Social Services Law 22 to add paragraph (9)(b) that provides: "a]ny aggrieved party to an appeal, including a social services official provided an application by any such social services official has not been determined by any federal agency to be in violation of federal law, may apply for review as provided in article seventy-eight of the civil practice law and rules." See L. 1978 C. 473, S 2. The Legislature's addition of this language limits beaudoin to situations where federal law specifically prohibits county challenges of State decisions and permits local districts to challenge State decisions in other

(continued...)

As a threshold issue, Iglesias would have this Court find State defendant liable based on supervisory obligations found in New York Social Services law §§ 17, 20 and 34, a course of judicial review prohibited by the Eleventh Amendment as it will not lead to the enforcement of federal law.

Should Iglesias amend her complaint or otherwise assert that federal law imposes the supervisory relationship that makes the supervising agency vicariously liable for conduct of the supervised agency, this vicarious liability argument was recently examined and rejected by the Second Circuit in Reynolds v. Giuliani, 506 F.3d 183 (2d Cir. 2007) Reh. Den. 2d Cir. Docket Entry May 9, 2008). in Reynolds, the plaintiffs contended that the State defendants' duty to supervise local defendants stemmed from provisions of Federal law, the Food Stamp Act and the Medicaid Act.  The Reynolds Court, citing Monell v. Dep't of Social Servs. of the City of N.Y., 436 U.S. 658 (1978), and City of Canton v. Harris, 489 U.S. 378(1989), stated that, although municipalities may be sued as "persons" under 42 U.S.C. § 1983, "§ 1983 rejects the imposition of vicarious liability on a municipality for the torts of its employees as incompatible with § 1983's causation requirement."  506 F.3d at 190.  In the instant action, the Amended Complaint does not demonstrate causation between State defendant's conduct and the purported harm suffered by plaintiff.

---

[2](...continued)
circumstances.

## CONCLUSION

For the foregoing reasons, and those expressed in her April 7 Memorandum of Law, State defendant respectfully requests that the Court grant the instant motion to dismiss the Amended Complaint against her.

Dated: New York, New York
       June 17, 2008

                                              Respectfully submitted,

                                              ANDREW M. CUOMO
                                              Attorney General of the State of New York
                                              Attorney for State defendant

                                              By:       S/
                                              ROBERT L. KRAFT (RK5418)
                                              Assistant Attorney General
                                              120 Broadway, 24th Floor
                                              New York, New York 10271
                                              (212) 416-8632