UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ZOILA IGLESIAS, individually and as next friend
of J.R. and K.R. infants,

                Plaintiffs,                              **08 Civ. 1595 (AKH)**
                                                                   **(ECF CASE)**

                - against -

JOHN MATTINGLY, individually and as Commissioner,
HELEN COLON, individually and as caseworker,
CARYNE MORENCY, individually and as supervisor,
TRACEY LISSIMORE, individually and as manager,
TAMIKA McCOY, individually and as caseworker,
FLORENCE UBA, individually and as supervisor,
LEAKE & WATTS SERVICES, Inc.,
LIANNE CLARK PARRIS, individually and caseworker,
ZOLA VIOLA, individually and as supervisor,
COALITION FOR HISPANIC FAMILY SERVICES, Inc.,    **STATE DEFENDANT'S**
CITY OF NEW YORK,    **ANSWER TO**
and GLADYS CARRION, as Commissioner,    <u>**AMENDED COMPLAINT**</u>

                Defendants.
------------------------------------------------------------------------X

       Defendant Gladys Carrión, Esq., Commissioner of the New York State Commissioner of the New York State Office of Children and Family Services ("State defendant"), by her attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answers the Amended Complaint, dated March 20, 2008, in the above-captioned action ("Amended Complaint"), as follows:

       1.      With respect to paragraph 1 of the Amended Complaint, no response is necessary to the first three sentences thereof as they set forth the putative nature of this proceeding. With respect to the fourth sentence of said paragraph, to the extent it alleges wrongdoing by State defendant and a response is deemed required, State defendant denies the allegations made therein.

2. With respect to paragraph 2 of the Amended Complaint, no response is necessary as it sets forth plaintiff's jurisdictional allegations, but to the extent a response is deemed required, State defendant admits the allegations only in the first sentence.

3. With respect to paragraph 3 of the Amended Complaint, no response is necessary as it sets forth plaintiff's venue allegations, but to the extent a response is deemed required, State defendant admits the allegations made therein.

4. With respect to paragraph 4 of the Amended Complaint, no response is necessary to the first sentence thereof as it sets forth the putative nature of this proceeding. With respect to the second sentence of said paragraph, denies the allegations made therein.

5. With respect to paragraph 5 of the Amended Complaint, no response is necessary as it describes plaintiff's proposed class definition, but to the extent a response is deemed required, denies the allegations made therein.

6. Denies the allegations made in paragraphs 6, 7, 8 and 9 of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraphs 10, 11 and 12, inclusive, of the Amended Complaint.

8. Denies the allegations made in paragraphs 13 through 17, inclusive, of the Amended Complaint and respectfully refers the Court to applicable statutes codified in the New York Family Court Act and the New York Social Services Law describing the legal obligations of the City of New York, the Administration for Children's Services and the Commissioner of The New York City Administration for Children's Services.

9. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraphs 18 through 34, inclusive, of the Amended Complaint.

10. With respect to paragraph 35 of the Amended Complaint, admits the allegations made in the first sentence thereof, denies the characterization of the duties of the Commissioner made therein, and respectfully refers the Court to applicable statutes codified in the New York Social Services Law and the New York Executive Law describing the legal obligations of the Commissioner of The New York State Office of Children and Family Services.

11. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraphs 36 through 66, inclusive, of the Amended Complaint.

12. Denies the allegations made in paragraph 67 of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph 68 of the Amended Complaint.

14. With respect to paragraph 69 of the Amended Complaint, State defendant re-alleges her responses to all prior paragraphs of the Amended Complaint as if set forth hereat.

15. Denies the allegations made in paragraph 70 of the Amended Complaint.

16. With respect to paragraph 71 of the Amended Complaint, State defendant admits that, as Commissioner of the OCFS, she promulgated the regulations referred to therein and denies the characterization of the regulations made therein.

17. With respect to paragraph 72 of the Amended Complaint, no response is necessary as it sets forth no allegations of fact, but, instead, states plaintiff's legal conclusions and

characterizations. But to the extent it may be read to allege wrongdoing by State defendant and a response is deemed required, State defendant denies the allegations made therein.

18. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraphs 73 through 79, inclusive, of the Amended Complaint except admits that State defendant promulgated the regulation referred to therein and respectfully refers the Court to the text of the cited regulation for its meaning and content.

19. With respect to paragraph 80 of the Amended Complaint, to the extent the word "defendants'" is meant to refer to State defendant, State defendant denies the allegations made therein.

20. With respect to paragraph 81 of the Amended Complaint, State defendant re-alleges her responses to all prior paragraphs of the Amended Complaint as if set forth hereat.

21. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraphs 82 through 86, inclusive, of the Amended Complaint.

22. With respect to paragraph 87 of the Amended Complaint, to the extent the word "defendants'" is meant to refer to State defendant, State defendant denies the allegations made therein.

23. With respect to paragraph 88 of the Amended Complaint, State defendant re-alleges his responses to all prior paragraphs of the Amended Complaint as if set forth hereat.

24. Admits the allegations made in paragraph 89 of the Amended Complaint, except denies that the regulations codified at 18 N.Y.C.R.R. § 403.6 are applicable at administrative hearings requested by foster parents to challenge the removal of foster children from their foster

homes, and respectfully refers the Court to New York Social Services Law §§ 400 and 22 for the best statement of State defendant's obligations.

25.    Denies the allegations made in paragraphs 90 through 92, inclusive, of the Amended Complaint.

26.    With respect to paragraph 93 of the Amended Complaint, to the extent the word "defendants'" is meant to refer to State defendant, State defendant denies the allegations made therein.

27.    With respect to paragraph 94 of the Amended Complaint, State defendant re-alleges his responses to all prior paragraphs of the Amended Complaint as if set forth hereat.

28.    Denies the allegations made in paragraphs 95 through 99, inclusive, of the Amended Complaint.

29.    With respect to paragraph 100 of the Amended Complaint, to the extent the word "defendants'" is meant to refer to State defendant, State defendant denies the allegations made therein.

30.    With respect to paragraph 101 of the Amended Complaint, State defendant re-alleges his responses to all prior paragraphs of the Amended Complaint as if set forth hereat.

31.    Denies the allegations made in paragraphs 102 and 103 of the Amended Complaint, except admits that she has promulgated regulations to implement provisions of the New York Social Services Law and applies them to hearings he is authorized to conduct.

32.    With respect to paragraph 104 of the Amended Complaint, to the extent the word "defendants'" is meant to refer to State defendant, State defendant denies the allegations made therein.

33. With respect to paragraph 105 of the Amended Complaint, State defendant re-alleges his responses to all prior paragraphs of the Amended Complaint as if set forth hereat.

34. Denies the allegations made in paragraphs 106 and 107 of the Amended Complaint.

35. With respect to paragraph 108 of the Amended Complaint, to the extent the word "defendants" is meant to refer to State defendant, State defendant denies the allegations made therein.

36. With respect to paragraph 109 of the Amended Complaint, State defendant re-alleges his responses to all prior paragraphs of the Amended Complaint as if set forth hereat.

37. Denies the allegations made in paragraphs 110 and 111 of the Amended Complaint.

38. With respect to paragraph 112 of the Amended Complaint, to the extent the word "defendants" is meant to refer to State defendant, State defendant denies the allegations made therein.

39. With respect to paragraph 113 of the Amended Complaint, State defendant re-alleges his responses to all prior paragraphs of the Amended Complaint as if set forth hereat.

40. Denies the allegations made in paragraphs 114 and 115 of the Amended Complaint.

41. With respect to paragraph 116 of the Amended Complaint, to the extent the word "defendants" is meant to refer to State defendant, State defendant denies the allegations made therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

42.     The Amended Complaint must be dismissed against State defendant because it does not present a case or controversy as required by Article III of the Constitution of the United States.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

43.     This Court is barred by the Eleventh Amendment to the United States Constitution from making a declaration regarding past conduct of State defendant, from rendering a judgment against State defendant regarding enforcement of State law, and from rendering a judgment for damages against State defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

44.     The Complaint fails to demonstrate that the procedures used at ADMINISTRATIVE hearings regarding the review of local agency determinations to remove foster children from the homes of foster parents violate the Constitution of the United States.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

45.     The Complaint fails to state a claim upon which relief may be granted against State defendant.

WHEREFORE, State defendant respectfully requests that the Complaint be dismissed in its entirety, and that the Court award State defendant such further relief as the Court deems just and proper.

Dated: New York, New York
       August 15, 2008

                                    ANDREW M. CUOMO
                                    Attorney General of the State of New York
                                    <u>Attorney for State Defendant</u>

                                      _____/s_____
                                    BY:  ROBERT L. KRAFT
                                    Assistant Attorney General
                                    120 Broadway, 24th Floor
                                    New York, New York 10271
                                    (212) 416-8632


To:    Carolyn A. Kubitschek, Esq.
        LANSNER & KUBITSCHEK
        325 Broadway, Suite 201
        New York, New York 10007
        <u>Attorney for Plaintiffs</u>

        Steven D. Weber, Esq.
        Assistant Corporation Counsel
        Office of the Corporation Counsel
        100 Church Street, 2nd Floor
        New York, New York 10007
        Attorney for City Defendants

        David Lore, Esq.
        Callan, Koster, Brady & Brennan, LLP
        One Whitehall Street
        New York, New York 10004
        Attorney for Defendants TAMIKA MCCOY, individually and as caseworker,
        FLORENCE UBA, individually and as supervisor,
        LEAKE & WATTS SERVICES, INC.,

        Jacob J. Young, Esq.
        Smith Mazure Director Young & Yagerman, PC
        111 John Street
        New York, New York   10038
        Attorney for Defendants LIANNE CLARK PARRIS, individually and caseworker,
        ZOLA VIOLA, individually and as supervisor,
        Coalition for Hispanic Family Services