UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ZOILA IGLESIAS, individually and as next friend
of J.R. and K.R. infants,

                     Plaintiffs,                     08 Civ. 1595 (AKH)

      -against-

JOHN MATTINGLY, individually and as Commissioner,
HELEN COLON, individually and as caseworker,
CARYNE MORENCY, individually and as supervisor;
TRACEY LISSIMORE, individually and as manager;
TAMIKA McCOY, individually and as caseworker,
FLORENCE UBA, individually and as supervisor,
LEAKE & WATTS SERVICES, Inc.,
LIANNE CLARK PARRIS, individually and caseworker,
ZOLA VIOLA, individually and as supervisor, COALITION
FOR HISPANIC FAMILY SERVICES, Inc.. CITY OF NEW
YORK, and GLADYS CARRION, as Commissioner,

                  Defendants.

------------------------------------------------------------------------X

**ORDER OF**
**COMPROMISE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/08

       Upon the declarations of Zoila Iglesias, the grandmother of the infant plaintiffs herein,

signed on July 21, 2008, and the declaration of Christopher S. Weddle, attorney for plaintiffs

herein, signed on August 27, 2008, and due deliberation having been had thereon, and upon

consideration of the issues and claims in the litigation, the proffers of evidence, and the

discussions related to settlement in resolution of this case, and it appearing that the best interest

of the minor plaintiffs, J.R and K.R.. would be served by approval of the proposed compromise

in settlement, now, on the motion of Christopher S. Weddle, attorney for the infant plaintiff

herein, it is hereby;

       ORDERED, that the plaintiff, Zoila Iglesias, is authorized and empowered, in the interest

of her grandchildren, J.R., born December 7, 2002 and K.R., born December 28, 2001, to settle

and compromise and their claims against defendants Tamika McCoy, Florence Uba, and Leake and Watts Services Inc., for the sum of ten thousand dollars exactly ($10,000.00) (the "Settlement Amount"), in full satisfaction of all claims for costs, expenses, attorneys' fees and interest; and it is further,

ORDERED, that of the Settlement Amount, the sum of three thousand three hundred and thirty-three dollars ($3,333.00) is to be received by Lansner & Kubitschek as reimbursement for the expenses and reasonable attorneys' fees of the above-referenced matter[1]; and it is further,

ORDERED, that of the Settlement Amount, the sum of two thousand dollars ($2,000.00) is to be received by J.R. , and the same is to be deposited into an interest bearing savings account at Emigrant Savings Bank located at 261 Broadway, New York, New York, and the same is to be held for J.R., according to the terms of the settlement herein, until the event of his 18th birthday on December 7, 2020; and it is further,

ORDERED, that of the Settlement Amount, the sum of two thousand dollars ($2,000.00) is to be received by K.R., and the same is to be deposited into an interest bearing savings account at Emigrant Savings Bank located at 261 Broadway, New York, New York, and the same is to be held for K.R., according to the terms of the settlement herein, until the event of her 18th birthday on December 28, 2019; and it is further,

ORDERED, that of the Settlement Amount, the sum of two thousand six hundred and sixty seven dollars ($2,667.00) is to be received by Zoila Iglesias.

ORDERED, in the event of the death of J.R. and K.R. prior to the payment dates as set forth above, and in the event that J.R. and K.R. have not designated a beneficiary or

---

[1] The Court finds this award of attorneys' fees reasonable in light of the time required, the novelty of the issues, the benefits received by the client and the uncertainty of compensation.

beneficiaries, then payment shall be immediately made to the estate of J.R. and K.R. ; and it is further,

     ORDERED, that this Court retains jurisdiction of this action for enforcing this infant compromise order and for enforcing the terms of the underlying settlement, for entering this infant compromise order directing the disposition of funds, and for hearing and determining applications for the release of funds under this infant comprise order.

Dated: New York, New York
      September ___, 2008

**SO ORDERED:**

_____
USDJ