UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

(Effective 3/1/02)

--------------------------------------------x

ZOILA IGLESIAS, individually and on
behalf of J.R., and K.R., infants

                Plaintiff(s),

   -against-

JOHN MAttingly, individually and as
⌐Commissioner, et al.,

              Defendant(s).

--------------------------------------------x

08  Civ.  1595    (AKH)

## CIVIL CASE MANAGEMENT PLAN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/8/08

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case (is)  (is not) to be tried to a jury.  [Circle as appropriate].

      Damages claims are to be tried to a jury.  Injunctive and declaratory claims
are to be tried to the Court.

B.    Non-Expert Discovery:

1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by ~~May~~ 30, 2009, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.



    a.    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

2.    Joinder of additional parties must be accomplished by November 30, 2008.

3.    Amended pleadings may be filed without leave of the Court until November 30, 2008.

C.    For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D.    Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1.    Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be  _July 3/_ ~~June 29,~~ 2009____. (Counsel shall insert a date 30 days after the completion date for non-expert discovery.)

    a.    There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

    b.    Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

_Aug 12,_

2.    Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is ~~July 14~~ 2009 , at _10:00_ a.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

3.    Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on _Sep, 11, 2009_, at _9:_ a.m. (The Court will set this date at the Initial Case Management Conference.)

E.    Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected

by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F.    A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G.    Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

SO ORDERED.

DATED:    New York, New York

_____Sep   5___, 200 8

_____
ALVIN K. HELLERSTEIN
United States District Judge

G:\AKH\Forms\CivilCaseMgmtPlan

## ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| | DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|---|
| 1. | Rule 26(a) disclosure (all parties) | July 11, 2008 |
| 2. | Document requests (all parties) | July 30, 2008 |
| 3. | interrogatories (all parties) | July 30, 2008 |
| 4. | depositions plaintiff -- 15 depositions State -- 5 depositions City -- 10 depositions | March 31, 2009 |
| 5. | Coalition for Hispanic Family Services -- 10 depositions Leake & Watts Services -- 10 depositions | |
| 6. | requests to admit | April 30, 2009 |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |

## ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1. ## PLAINTIFF'S CLAIMS:

   ```
   legal fees for representation in Family Court, $3,980.00
   loss of grandchildren (adult plaintiff)  -- unquantifiable
   loss of grandmother (infant plaintiffs) -- unquantifiable
   pain, suffering, emotional anguish, terror, separation anxiety -- unquantifiable
   ```

2. ## COUNTERCLAIMS AND CROSS-CLAIMS:

   ```
   defendant Coalition for Hispanic Family Services has cross-claims against
         defendants City and State

   defendant Leake & Watts Services has cross-claims against defendants
         City and State
   ```

3. ## THIRD-PARTY CLAIMS:

   ```
         NONE
   ```