UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ZOILA IGLESIAS, individually and as next friend
of J.R. and K.R. infants,

                  Plaintiffs,                  08 Civ. 1595 (AKH)

    -against-

JOHN MATTINGLY, individually and as Commissioner,
HELEN COLON, individually and as caseworker,
CARYNE MORENCY, individually and as supervisor;    **ORDER OF**
TRACEY LISSIMORE, individually and as manager;      **COMPROMISE**
TAMIKA McCOY, individually and as caseworker,
FLORENCE UBA, individually and as supervisor,
LEAKE & WATTS SERVICES, Inc.,
LIANNE CLARK PARRIS, individually and caseworker,
ZOLA VIOLA, individually and as supervisor, COALITION
FOR HISPANIC FAMILY SERVICES, Inc.. CITY OF NEW
YORK, and GLADYS CARRION, as Commissioner,

                  Defendants.
-----------------------------------------------------------------------X



      Upon the declarations of Zoila Iglesias, the adult plaintiff herein, signed on March 26, 2009, and the declaration of Carolyn A. Kubitschek, attorney for plaintiffs herein, signed on March 26, 2009, and due deliberation having been had thereon, and upon consideration of the issues and claims in the litigation, the proffers of evidence, and the discussions related to settlement in resolution of this case, and it appearing that the best interest of the minor plaintiffs, J.R and K.R.. would be served by approval of the proposed compromise in settlement, now, on the motion of Carolyn A. Kubitschek, attorney for the infant plaintiff herein, it is hereby;

      ORDERED, that the plaintiff, Zoila Iglesias, is authorized and empowered, in the interest of her grandchildren, J.R., born December 7, 2002, and K.R., born December 28, 2001, to settle and compromise and their claims against defendants City of New York, John Mattingly, Helen

Colon, Caryne Morency, and Tracey Lissimore, for the sum of sixty thousand dollars exactly ($60,000.00) (the "Settlement Amount"), in full satisfaction of all claims for costs, expenses, attorneys' fees and interest; and it is further,

ORDERED, that of the Settlement Amount, the sum of six hundred eighty-five dollars and fifty cents ($685.50) will be received by Lansner & Kubitschek as reimbursement for costs and disbursements which they have incurred on plaintiffs' behalf in prosecuting the above-entitled lawsuit; and it is further

ORDERED, that of the Settlement Amount, the sum of nineteen thousand seven hundred and seventy one dollars and fifty cents ($19,771.50) is to be received by Lansner & Kubitschek as reimbursement for the expenses and reasonable attorneys' fees of the above-referenced matter[1]; and it is further,

ORDERED, that of the Settlement Amount, the sum of twelve thousand two hundred seventy-one dollars and fifty cents ($12,271.50) is to be received by infant plaintiff J.R., which is to be deposited into an interest bearing savings account at Emigrant Savings Bank located at 261 Broadway, New York, New York, and the same is to be held for J.R., according to the terms of the settlement herein, until the event of his 18th birthday on December 7, 2020;

ORDERED, that of the Settlement Amount, the sum of twelve thousand two hundred seventy-one dollars and fifty cents dollars ($12,271.50) is to be received by infant plaintiff K.R., which is to be deposited into an interest bearing savings account at Emigrant Savings Bank located at 261 Broadway, New York, New York, and the same is to be held for K.R., according to the terms of the settlement herein, until the event of her 18th birthday on December 28, 2019;

---

[1] The Court finds this award of attorneys' fees reasonable in light of the time required, the novelty of the issues, the benefits received by the client and the uncertainty of compensation.

and it is further,

ORDERED, that of the Settlement Amount, the sum of fifteen thousand dollars ($15,000) is to be received by plaintiff Zoila Iglesias; and it is further,

ORDERED, in the event of the death of J.R. and K.R. prior to the payment dates as set forth above, and in the event that J.R. and K.R. have not designated a beneficiary or beneficiaries, then payment shall be immediately made to the estate of J.R. and K.R. ; and it is further,

ORDERED, that this Court retains jurisdiction of this action for enforcing this infant compromise order and for enforcing the terms of the underlying settlement.

Dated: New York, New York
March 26, 2009
May 4, 2009

SO ORDERED:

_____
U.S.D.J.